May it please the court, my name is Ed Hennessey, I represent the Plaintiff Appellant, Illinois Tool Works, K&K Welding. Before I get anywhere into the facts, I should address the jurisdictional does exist. Are you questioning whether or not it's a final appealable order? I am not questioning that. Typically, a remand by the circuit court is not final and not appealable. Typically. Typically. But it's my suggestion to this court that this court holds the discretion to not remand it, to take it now and appear it, and to appear it now on its terms under certain circumstances. We have no discretion on a jurisdictional issue, either we have it or we don't. We're a court of special jurisdiction, not general. We have no discretion. Either you've got jurisdiction or you don't. It's a yes or a no, it's not a maybe. This court has cited the Supreme Court Rule 306A.6, and it's recognized the discretion, that it has that discretion. It elected not to do so in the case in which it's cited. And I apologize because it's not in my brief, but it's coming up now. The case name is Trunick v. Industrial Commission, and I can provide you with the site, 345 Illinois Ave. 3rd, 126802 N.E. 2nd, 1268. It's a 2003 decision. And what I would urge the court, with respect to jurisdiction, is compare the facts of that case when this court elected not to exercise that discretion, and then compare it with the A.O. Smith case, in which the Supreme Court did elect that discretion. It recognized that discretion, and it took a case that was about to be remanded, that it was ordered to be remanded back to the discretion. Kennedy. Did A.O. Smith's case say they were exercising discretion, or did they say that it was a final order because there was nothing left to be done other than mere application of mathematical formula? That was in the A.O. case, they did indicate that in their reasoning, the reason why they were not going to let it be remanded, that they felt that they could take it at that point, was that the affirmance, if they were to affirm, would only result in a mathematical calculation. But did they say that there was an exercise of discretion, or did they say that's the reason why the order was a final order and appealed it? But ordinarily, we would dismiss the appeal on the ground that the order is not final and appealable, but in this instance, we elect not to do so. So I would say why? Because it is final, because there's nothing left to be done below other than a mathematical formula. All right. In the instant case, I would say... The same rationale applies here. This is precisely what we have here. We have a stipulation about the weekly wage. We have the claimant accepting the job with a certain amount, input those figures. So A.O. would apply here, would it not? I believe it would. There's some ambiguity on that, to be even painfully honest in my case, because the evidence that was put forth as to what his earning capacity was remained in controversy. And that pretty much goes to part of what I'm... There was no stipulation that he was earning, he had a job earning $3.20 per week? There was a stipulation that he had taken a job earning $8 a week, but I do not believe that that is tantamount or that's conclusive to that, to represent what he was capable of earning. And that's what's relevant for under a wage differential analysis. So one of the fundamental things that this Court is urged to consider as well is a remand to the Commission is really asking the Commission to give weight to evidence and testimony that it has already deemed to be not credible. Give weight to it and somehow divine from that evidence a number that represents what this individual is capable of earning in his reduced capacity and calculate therefrom a wage differential award. When you say divine, it's in the evidence, isn't it? Well, what are they going to arrive at? There was testimony deemed unreliable, but the Voke expert did admit that he was qualified of earning up to $15 an hour. So what was the purpose of the stipulation you entered into then? That's not a stipulation. We stipulated to what his pre-accident earnings were. There was no stipulation that... I'll stipulate that he took a job earning $8 an hour, but there was no stipulation that he was relegated to a job earning only $8 an hour. I understand your argument right now, and I guess I don't understand it. You're telling us that this is not a final order. I'm suggesting that it is not a final order, but that you have the discretion to hear this case now. If that's your position, you lose. Period. Your opponent doesn't even have to stand up. You lose. It's not a discretionary issue. You're wrong. So if you confess that it's not a final order, I don't know what your opponent has argued about it. Well, I stand on the cases that I've cited and the Court's previous recognition of this discretion. But, you know, and then I move forward with what you're at, what this district court judge is asking the Commission to do. Almost an impossible task. All of that argument may be all well and good, but it's what we're saying, I believe, is that it's not the time nor the place to bring that argument before us. I certainly respect the Court, and I offer this argument. Why don't you appeal it if you have taken the position you are now? I believe that it's possible for the Court to render a decision now as to the merits of the district court's reversal. Due to it was he reversed, necessarily reversed findings as to credibility without explanation. And it's one thing to affirm and adopt without explanation. At least you can infer that he has adopted the opinions of the Commission. He has reversed this decision without explanation. We're left only to guess what he deemed to be credible, more reliable, or, you know, evidence that was deemed by the Commission and the arbitrator not to be reliable, why he believes it's so convincing and reliable. Well, from a judicial efficiency argument, I can see where you're going, but still we have to find jurisdiction. Okay. Your Honors, I will simply stand by the Court, you know, the cases that I've cited. I suggest that there is recognized discretion on this issue. And in addition to judicial economy and efficiency, I believe that it's a disservice to the Commission and I think to all the parties involved. Thank you. Counsel, please. Good morning, Your Honors. Edward Zappa. Counsel, do we have jurisdiction? You want to address that issue first? There's no jurisdiction. And I apologize for not filing an appropriate motion. As I reviewed it last night, I do mention it in the first page of my brief to the Court, which obviously didn't get to the Court back when I filed it in September. I should have filed a motion. What happens when it goes back to the Commission? It goes back to the Commission for determination as to the 8D1 wage differential amount. Are they going to get any more evidence? No other evidence is necessary. Is that a reason, then, to say, well, this is a final order? If there's no other evidence, it's simply going to be a mathematic determination? Unlike the A.O. Smith case referred by Counsel, where there was a stipulation to the mathematical process, there is no such stipulation here. And as Justice Hoffman pointed out, the parties can't waive jurisdiction by the Court. The Court certainly does not have a final and appealable order in front of them. Was there some stipulation in this case? Stipulation as to what he earned prior to the injury. That was the average weekly wage. The issue then became what he was capable of earning as a result of the disability. So now you're acknowledging there's a missing component in this formula? No, no. The evidence is there. It just was not stipulated to. They have not decided? Is it contested evidence? Is that the issue? Was what contested? The evidence that's there is what he's capable of earning. Is that contested evidence where the Commission is going to have to choose which rate they're going to pick? I don't believe so, no, Your Honor. He was earning $8 an hour in the testimony by the vocational expert, is that that was suitable employment, earning $8 or $320 a week. So what's left for the Commission to do other than make a mathematical computation as to the appropriate rate? That's all. It just was not stipulated to as it was in the AOC. It doesn't have to be stipulated. Can they pick between the $8 and the $15? I mean, you want them to make it $8. If it goes back, then they're going to want it to be $15 or higher. Correct. The evidence Then don't they have to make that determination? I don't believe so. The testimony of the vocational expert was that he was in suitable employment earning $8 an hour. However, she did admit that he was capable of earning in that profession as much as $15 an hour. So there's evidence both ways? I don't think the evidence as to what he would be capable in the future of earning in that profession is relevant to the issue of what he was capable of earning at the time of the trial. I know you don't think so, but there's evidence both ways, isn't there? Yes. I just am remiss in not filing a motion to have dismissed it earlier. I don't think the court has the jurisdiction to issue an order on this. So that's your position today? Yes. All right. Thank you. Counsel? I don't want anyone to gloss over the fact that the arbitrator and the commission, by adopting his findings, specifically found the vocational expert to be not credible. Her entire testimony. He gave reasons why in his decision. He also specifically found the petitioner's testimony as it related to his job search was not credible. He gave explanations in that regard. That is the only evidence that's been adduced to show wage differential. It was determined by the judge to be not credible. You're still going to be able to appeal that, though? That's correct. That's correct. We appealed, and again, I think that the issues are before the court. We believe that there is precedent for discretion in this regard. Thank you. The court will take the matter under advisory for this position. Senate recess until 5 o'clock in the morning.